ACCEPTED
01-15-01027-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/7/2015 2:03:30 PM
CHRISTOPHER PRINE
CLERK

NO. _01-15-01027-CV_

IN THE COURT OF APPEALS AT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/7/2015 2:03:30 PM
CHRISTOPHER A. PRINE
Clerk

---

**CALLIE SHEARD, *Relator,***

vs.

**THE HONORABLE GLENN DEVLIN,
JUDGE OF THE 313TH JUDICIAL DISTRICT COURT,
HARRIS COUNTY, TEXAS, *Respondent.***

---

**PETITION FOR WRIT OF MANDAMUS**

---

LAW OFFICE OF JOHN E. CHOATE, JR.
116 W LEWIS
CONROE, TX 77301
Lauren@ConroeLawOffice.com
Tel (936) 441-2999
Fax (936) 788-5670

By: _____
JOHN E. CHOATE, JR.
Texas Bar No. 00793503
LAUREN H. ALLEN
Texas Bar No. 24080764

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. Proc. 52.3(a), Relator offers the following list of parties to this case and counsel for the parties:

| | |
|---|---|
| **Respondent:** | **THE HONORABLE GLENN DEVLIN JUDGE OF THE 313TH JUDICIAL DISTRICT COURT, HARRIS COUNTY, TEXAS**<br>Chris Daniel, District Clerk<br>P.O. Box 4651<br>Houston, TX 77210-4651 |
| **Relator:** | **CALLIE SHEARD** |
| **Counsel for Relator:** | **Lauren H. Allen**<br>Law Office of John E. Choate, Jr.<br>Lauren@ConroeLawOffice.com<br>SBN: 24080764<br>116 W. Lewis<br>Conroe, TX 77301<br>Phone: 936-441-2999<br>Fax: 936-788-5670 |
| **Real Party in Interest:** | **Ronald and Judy O'Dell** |
| **Counsel for Real Party in Interest:** | **Gary M. Polland**<br>2211 Norfolk, Suite 920<br>Houston, TX 77046<br>Phone: (713) 621-6335<br>Fax: (713) 622-6334 |
| **Real Party in Interest:** | **Juli Crow**<br>Attorney Ad Litem for Child<br>P.O. Box 10152<br>Houston, TX 77206<br>Fax: (713) 422-2389 |

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................................i

TABLE OF CONTENTS..............................................................................................ii

INDEX OF AUTHORITIES ........................................................................................iv

STATEMENT OF THE CASE........................................................................................1

STATEMENT OF JURISIDICTION ............................................................................1

ISSUES PRESENTED....................................................................................................2

STATEMENT OF FACTS ..............................................................................................3

STATEMENT REGARDING ORAL ARGUMENT ....................................................5

ARGUMENT AND AUTHORITIES............................................................................6

    I.    THE STANDARD OF REVIEW FOR OBTAINING MANDAMUS
        RELIEF........................................................................................................6

    II.    MANDAMUS RELIEF IS APPROPRIATE IN THIS CASE BECAUSE
        THE TRIAL COURT HAS THE DUTY PURSUANT TO SECTION
        155.201(b) OF THE TEXAS FAMILY CODE TO TRANSFER THE
        UNDERLYING CASE TO MONTGOMERY
        COUNTY....................................................................................................7

        A. Relator presented a Mandatory Transfer pursuant to Section
           155.201(b) of the Texas Family Code.........................................................7

        B. The O'Dells failed to timely present a controverting affidavit
           pursuant to Section 155.204 of the Texas Family Code..........................8

           (1) No controverting affidavit was on file as of
               November 16, 2015...............................................................................8

           (2) The O'Dells' "affidavit" wholly fails to meet
               Section 155.204(d) of the Texas Family Code..................................10

    III.    THE TRIAL COURT ABUSED ITS DISCRETION IN APPOINTING
        THE ATTORNEY AD LITEM FOR THE CHILD..................................11

A. The trial court abused its discretion in signing the November 10, 2015 order appointing the ad Litem, without proper notice and hearing..................................................................11

B. The trial court abused its discretion in allowing the O'Dells to argue first on November 17, 2015...............................................12

C. Because the transfer was mandatory, the trial court abused its discretion in appointing the amicus attorney.....................................13

PRAYER FOR RELIEF ...........................................................................15

CERTIFICATE OF SERVICE ..................................................................16

VERIFICATION........................................................................................17

TABLE OF CONTENTS FOR APPENDICES ..........................................18

# INDEX OF AUTHORITIES

**Cases:**

*Fitzgerald v. Fitzgerald,*
   2013 Tex. App. LEXIS 710, 6-7 (Tex.App.—Houston [14th Dist.] 2013)
   (no pet.)..................................................................................................11, 13

*In re Cerberus Capital Mgmt., L.P.,*
   164 S.W.3d 379, 382 (Tex. 2005).........................................................6

*In re Leder,*
   263 S.W.3d 283, 285 (Tex.App.—Houston [1st Dist.] 2007, orig. proceeding)..6, 7

*In re Prudential Ins. Co. of Am.,*
   148 S.W.3d 124, 135-36 (Tex. 2004).......................................................6

*Proffer v. Yates,*
   734 S.W.2d 671, 673 (Tex. 1987)...........................................................7

*Silverman v. Johnson,*
   317 S.W.3d 846, 849 (Tex.App.—Austin, 2010)(no pet.)..........................14, 15

*Vara v. Vara,*
   2014 Tex. App. LEXIS 7872 (Tex.App.—Austin, 2014)( no pet.)...........13, 14, 15

*Walker v. Packer,*
   827 S.W.2d 833, 839 (Tex. 1992)..........................................................6, 8

**Constitution:**

Tex. Const. art. 5 §6..........................................................................1

**Statutes:**

Texas Rules of Civil Procedure

Tex. R. Civ. P. 21............................................................................11, 12

Texas Family Code

Tex. Fam. Code §155.005....................................................................15

Tex. Fam. Code §155.201(b)..........................................................4, 7, 8, 12, 13

Tex. Fam. Code §155.204(b)........................................................................7, 8

Tex. Fam. Code §155.204(c)....................................................................8, 9, 14

Tex. Fam. Code §155.204(d)................................................................8, 9, 10, 14

Tex. Fam. Code §155.204(h)..........................................................................6

Texas Government Code
Tex. Gov't Code §22.221(b)...........................................................................1

Texas Rules of Appellate Procedure
Tex. R. App. P. §52.1...................................................................................1

*TO THE HONORABLE JUDGES OF THE COURT OF APPEALS:*

**CALLIE SHEARD, Relator**, by and through her Counsel of Record, LAUREN H. ALLEN, pursuant to TEX. R. APP. P. 52.1, petitions this court for a writ of mandamus against Honorable Glenn Devlin, Judge of the 313th Judicial District Court, Harris County, Texas, Respondent. Relator supports this petition as follows:

## STATEMENT OF THE CASE

This petition for mandamus arises IN THE INTEREST OF E. A. P., A CHILD, in which the child's mother, Relator, has filed a Petition to Modify the Parent-Child Relationship. The respondent is Honorable Glenn Devlin, Judge of the 313th Judicial District Court, Harris County, Texas. Relator seeks relief from the Respondent's action in denying Relator's Motion to Transfer from Harris County to Montgomery County and in appointing an attorney ad litem for the child.

## STATEMENT OF JURISIDICTION

This Court has jurisdiction over the 313th Judicial District Court of Harris County, Texas, pursuant to Tex. Const. art. 5 §6 (Stating the courts of appeals have statutory and constitutional authority to review the decisions of lower courts through the exercise of their original and appellate jurisdiction) and more specifically pursuant to Tex. Gov't Code §22.221(b), which provides the authority to issue a writ of mandamus against a judge of a district court within this court's appellate district. Harris County, Texas is within this Court's appellate district.

1

# ISSUES PRESENTED

I.      Whether the trial court abused its discretion in denying Relator's motion to transfer venue given that it was undisputed the child has resided in Montgomery County for more than six months.

II.      Whether the trial court abused its discretion in appointing the Attorney ad Litem first without proper notice to Relator and second making the appointment again after the motion to transfer became mandatory and no controverting affidavit was filed.

## STATEMENT OF FACTS

**The pleadings.**    Relator, Callie Sheard, filed her Petition to Modify the Parent-Child Relationship on October 13, 2015, (App. E) seeking to modify the Order in Suit Affecting the Parent-Child Relationship that was signed by the 313th Judicial District Court of Harris County, Texas on June 18, 2013. (App. R) ("Suit Affecting the Parent-Child Relationship" is herein also called "SAPCR.")

Relator's Motion to Transfer the SAPCR modification was filed on October 8, 2015. (App. D)

Respondents in the trial court are the O'Dells. Ronald O'Dell, was served with the Petition and Motion to Transfer on October 21, 2015. (App. F) Judy O'Dell was served with the Petition and Motion to Transfer on October 22, 2015. (App. G)

On November 6, 2015, the O'Dells, thru their attorney, filed a Motion for Reappointment of Attorney ad Litem for Child. (App. H)

On November 10, 2015, without a hearing and without notice to Sheard, the trial court granted the motion for reappointment of the attorney ad litem. (App. I)

The coordinator of the trial court contacted Lauren Allen regarding the court, sua sponte, setting a hearing on November 17, 2015 regarding the motions on file. (RR, pg 4; App. S) So, on November 13, 2015, even though no controverting affidavit had been filed, Relator filed a notice of hearing for the Court to sign the uncontroverted Motion to Transfer and the objection to the November 10, 2015 order appointing the ad litem. (App. J)

**The hearing.** As of the date of the hearing, on November 17, 2015, the O'Dells had not filed a controverting affidavit. At the November 17 hearing, Relator sought to argue (1) her objection to the reappointment of the Attorney Ad Litem because the motion was never set for a hearing and the trial court signed the order without notice to Relator and (2) her motion to transfer to Montgomery County. The trial court allowed the O'Dells to argue first and again, reappointed the ad Litem, over Sheard's objection that the case should be transferred and let Montgomery County decide the ad litem issue. (RR. 4-5;App. N)

During the hearing, in which only arguments of counsel was presented, Sheard's attorney, Lauren Allen, argued that the Motion to Transfer was mandatory pursuant to §155.201(b) of the Texas Family Code because the child had resided in Montgomery County for the previous 6 months, and further, that the child had resided in Montgomery County with the O'Dells for over two years.[1] (RR. 5) The fact that the child has resided in Montgomery County, Texas for at least the previous six months was not denied by the Respondent's attorney. (RR. 5) In fact, the Respondents' argument was that they agreed to keep the case in Harris County because the court was familiar with the underlying case. (RR. 5)

The Court judicially rendered on November 17, 2015, that the Attorney Ad Litem would be reappointed (RR. 5) and denied Sheard's Motion to Transfer. (RR. 7) The

---

[1] It was also stated that it is convenient to the O'Dells for the case to be transferred to the county where they live. (RR. 5) However, that was not plead and not the grounds for the transfer.

4

O'Dells' proposed order was filed and signed by the Court on November 18, 2015, (App. M) while Sheard filed her own proposed order on November 19, 2015. (App. P)

**Events after the hearing**.     After the Court had judicially rendered on the record, on November 17, 2015, that Petitioner's Motion to Transfer was denied, (RR. 7) on the following day, November 18, 2015, the O'Dells filed a controverting affidavit. (App. O) Sheard received a copy of the affidavit on November 19, 2015, and filed a Motion Objecting to Respondents' Controverting Affidavit on November 20, 2015. (App Q) Also part of the Motion Objecting to Respondents' Controverting Affidavit was a Motion Objecting to Respondents' Proposed Order.[2] Lauren Allen discovered on November 23, 2015 that the trial court had signed the O'Dells' proposed order denying the transfer on November 18, 2015 and this Writ commenced.

## STATEMENT REGARDING ORAL ARUGMENT

Counsel for the Relator requests oral argument and believes that it would be beneficial to the Court to be available to respond to questions regarding this case and the applicable law involved.

---

[2] Relator filed the motion objecting to the proposed order, because the order does not accurately reflect the events. The order the O'Dells proposed and the court ultimately signed, makes it look like the trial court ruled on November 18, 2015, after the controverting affidavit had been filed, and does not accurately reflect the courts rendering on November 17, 2015, before the affidavit was filed.

5

# ARGUMENT AND AUTHORITIES

## I. THE STANDARD OF REVIEW FOR OBTAINING MANDAMUS RELIEF.

Mandamus is an extraordinary remedy that will issue only if a two-prong test can be met: whether (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005)(Citing *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992); *see also, In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004).

As to the first prong, a trial court abuses its discretion if it reaches a decision "so arbitrary and unreasonable" as to amount to a clear and prejudicial error of law, or, if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d at 382.

As to the second prong, Mandamus is the appropriate remedy to compel a mandatory transfer of venue in a suit affecting the parent-child relationship. *In re Leder,* 263 S.W.3d 283, 285 (Tex.App.—Houston [1st Dist.] 2007, orig. proceeding); *see* Tex. Fam. Code §155.204(h)(Providing that denial of mandatory transfer is not subject to interlocutory appeal).

"Mandamus will issue when there is a legal duty to perform a nondiscretionary act, a demand for performance, and a refusal." *In re Leder,* 263 S.W.3d at 285.

## II. THE STANDARD OF REVIEW FOR OBTAINING MANDAMUS RELIEF.MANDAMUS RELIEF IS APPROPRIATE IN THIS CASE BECAUSE THE TRIAL COURT HAS THE DUTY PURSUANT TO SECTION 155.201(b) OF THE TEXAS FAMILY CODE TO TRANSFER THE UNDERLYING CASE TO MONTGOMERY COUNTY.

### A. Relator presented a Mandatory Transfer pursuant to Section 155.201(b) of the Texas Family Code.

The trial court abused its discretion when it denied Relator's Motion to Transfer to Montgomery County, Texas. (RR. 5-7; App. M) This case presented the trial court with a mandatory, ministerial duty to transfer arising from section 155.201(b) of the Texas Family Code because the child has resided in Montgomery County for six months or longer. (RR. 5-7, App. D) *See In re Leder*, 263 S.W.3d at 285; *see also Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987)(Holding that a transfer based on the child residing in another county for more than six months is a "mandatory ministerial duty.") Section 155.201(b) provides as follows:

> **(b)** If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

Tex. Fam. Code §155.201(b).

As far as the reference to Section 155.204 for timeliness of the motion, Section 155.204(b) provides as follows:

> **(b)** ... a motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. ...

7

Tex. Fam. Code §155.204(b).

In this case, Harris County is the court of continuing, exclusive jurisdiction based on its order from June of 2013. (App. Q) The record shows Relator timely filed her motion to transfer venue according to section 155.204 because she filed it before her modification was filed (App. D, App. E). Most importantly, it was undisputed that the child had lived in Montgomery County longer than six months at the time Relator filed her SAPCR modification. (RR. 5-6)

The trial court had no "discretion" in determining what the law is or applying the law to the facts. *Walker,* 827 S.W.2d at 840. Therefore, because Relator complied with §155.201(b), this case presents a mandatory transfer and the trial court abused its discretion in refusing to follow the law. *See id.* (Stating "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ.").

### B. The O'Dells failed to timely present a controverting affidavit pursuant to Section 155.204 of the Texas Family Code.

#### (1) No controverting affidavit was on file as of November 16, 2015.

Section 155.204 of the Texas Family Code sets forth the procedures for transferring cases. In pertinent part, it provides as follows:

> (c) If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the

8

period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court.

**(d)** On or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist.

Tex. Fam. Code § 155.204 (c) – (d).

Relator timely filed her motion to transfer because it was filed a few days before the SAPCR modification was filed. (App. D, App. E) Ronald O'Dell was served with the petition and motion for transfer on October 21, 2015. (App. F) Judy O'Dell was served with the petition and motion to transfer on October 22, 2015. (App. G) In looking at section 155.204(d), taking the later of the dates of service, the 20th day after October 22, 2015 was Wednesday, November 11, 2015. The Monday following that 20th day was Monday, November 16, 2015. As of November 16, 2015, no controverting affidavit had been filed by the O'Dells. Therefore, the O'Dells could not contest Relator's grounds that the transfer exists. *See* Tex. Fam. Code §155.204(d).

Next, looking at Section 155.204(c), because no controverting affidavit was filed by November 16, 2015, the case should have been transferred not later than 21 days after November 16, 2015. Even though that timeframe has not lapsed, because a hearing was held on the motion to transfer on November 17, 2015 and the trial court denied the transfer, this Honorable Court should now issue a Writ directing the trial court to sign the proposed order transferring the case to Montgomery County. (App. K)

## (2) The O'Dells' "affidavit" wholly fails to meet Section 155.204(d) of the Texas Family Code.

After the trial court rendered on November 17, 2015 that the transfer was denied, Respondents subsequently filed a controverting affidavit on November 18, 2015.[3] (App. O) Sheard filed her objection to the untimely affidavit. (App. Q) Not only was the "controverting affidavit" not filed timely, but it was not verified and failed to controvert that grounds for the transfer exist. *See* Tex. Fam. Code §155.204(d).

The untimely affidavit makes a reference to the best interest of the child; it states that the 313th District Court is knowledgeable about the case; it states that the Attorney ad Litem would have an inconvenience in traveling to Montgomery County; and it states that the Respondents prefer the current Court. (App. O) Moreover, the "affidavit" is signed "/s/" and it is not dated or signed by a notary. (App. O)

Even if the "controverting affidavit" had been filed timely, it still is not a controverting affidavit because the affidavit filed on November 18, 2015, wholly fails to controvert that grounds for the transfer exist. *See* Tex. Fam. Code §155.204(d). The O'Dells never denied that the child has lived in Montgomery County for the past six months.

---

[3] Because counsel for the O'Dells does not electronically file pleadings, Sheard is unable to provide this Honorable Court with a certified copy of that affidavit. On November, 24, 2015, when Lauren Allen contacted the clerk of the court, the clerk stated that when documents are hand-filed, it can take a week and a half for the pleading to make it to the electronic system. Therefore, Sheard has provided the copy of the affidavit that was faxed to Lauren Allen on November 19, 2015. (App. O)

## III. THE TRIAL COURT ABUSED ITS DISCRETION IN APPOINTING THE ATTORNEY AD LITEM FOR THE CHILD.

The trial court abused its discretion in appointing the Attorney ad Litem by (1) ruling on the motion to reappoint the ad Litem attorney because the first order (App. I) was not properly set for a hearing and noticed to the Relator, by (2) allowing the O'Dells, on November 17, 2015, to move first at the hearing because it was Relator who set the hearing regarding her objection to the order appointing the Attorney ad Litem, and by (3) ruling on the second order appointing the ad Litem attorney (App. N) because it was signed after the transfer was mandatory given that no controverting affidavit was timely filed. *See Fitzgerald v. Fitzgerald*, 2013 Tex. App. LEXIS 710, 6-7 (Tex.App.—Houston [14th Dist.] 2013)(no pet.)

### A. The trial court abused its discretion in signing the November 10, 2015 order appointing the ad Litem, without proper notice and hearing.

Section 21(a) – (b) of the Texas Rules of Civil Procedure provides the mechanism for filing and serving pleadings and serving notices of hearing. This is commonly referred to as "Rule 21(a)" and it provides as follows:

> **(a)** *Filing and Service Required.* --Every pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea, or other form of request, unless presented during a hearing or trial, must be filed with the clerk of the court in writing, must state the grounds therefor, must set forth the relief or order sought, and at the same time a true copy must be served on all other parties, and must be noted on the docket.

> **(b)** *Service of Notice of Hearing.* --An application to the court for an order and notice of any hearing thereon, not presented during a

11

hearing or trial, must be served upon all other parties not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court.

Tex. R. Civ. P. 21(a)-(b). The O'Dells filed their Motion for Reappointment of Attorney ad Litem on November 6, 2015. (App. H)[4] Then, without a hearing of any kind, on November 10, 2015, the trial court signed the order appointing the Attorney ad Litem for the child. (App. N) Because a hearing was not set on the motion and the trial court ruled upon the motion without giving Relator a chance to be heard, the trial court abused its discretion with the November 10, 2015 order. (App I)

### B. The trial court abused its discretion in allowing the O'Dells to argue first on November 17, 2015.

Relator filed her proposed order withdrawing the appointment of the ad Litem because she had not been given proper notice and was objecting to that appointment. (App. L) Relator set her objection to the order appointing the ad Litem, to be heard on November 17, 2015. (App. J) At the hearing on November 17, 2015, the O'Dells' counsel urged that he should move first. (RR. 4) Relator sought to have the proposed order withdrawing the ad Litem granted and to have the hearing on her Motion to Transfer, which was a mandatory transfer pursuant to section 155.201(b) of the Texas Family Code. (RR. 4) Counsel for the O'Dells argued otherwise and the trial court allowed the O'Dells to move on the motion to reappoint the Amicus Attorney. (RR. 4)

---

[4] Petitioner did not receive notice of that motion until it was faxed to Lauren Allen on November 9, 2015, contrary to the certificate of service which was dated the 6th.

12

However, the trial court had already, albeit ex parte, granted the motion. (App. I) It was Relator who was objecting to that prior appointment and she was not allowed to move first on her objection. The O'Dells never noticed a hearing for the ad Litem.

The trial court then orally, again, appointed the Attorney ad Litem on November 17, 2015 (RR. 5) and signed the order on November 18, 2015 (App. N) Yet the trial court never signed Petitioner's proposed order withdrawing the appointment of the ad Litem for the child. (App. L) The trial court abused its discretion in allowing the O'Dells to move first on a motion they never even set for a hearing.

## C. Because the transfer was mandatory, the trial court abused its discretion in appointing the amicus attorney.

Because Relator's Motion to Transfer was mandatory pursuant to section 155.201(b) of the Texas Family Code and no controverting affidavit had been filed, as argued herein already, on November 17, 2015, the 313th Judicial Court lacked the discretion to make further rulings in the case, and erred when it, for the second time, granted the O'Dells' Motion for Reappointment of the Attorney ad Litem for the child. (RR. 5;App. N) *See Fitzgerald*, 2013 Tex. App. LEXIS 710 at 9; *see also Vara v. Vara*, 2014 Tex. App. LEXIS 7872 (Tex.App.—Austin, 2014)( no pet.).

In *Vara*, the mother filed a motion to modify along with a motion to transfer the case. *Id.* at 1-2. The father untimely filed his controverting affidavit which did not actually controvert that the grounds for the transfer existed. *Id.* at 2. The father also filed a motion to have the mother declared a vexatious litigant and the trial court held

13

one hearing, considering both motions. *Id.* Because the father did not timely controvert the grounds of the transfer, the *Vara* Court found that the trial court had no discretion but to transfer the case and abused its discretion when it ruled on the father's vexatious litigation motion. *Id.* at 4

Similarly, in this case, not only did the O'Dells file their controverting affidavit <u>after</u> the deadline to file and <u>after</u> the trial court had rendered on the transfer, but their affidavit did not controvert the grounds for the transfer as alleged in the motion. (App. D, App. O) As of November 16, 2015,[5] the trial court had a mandatory duty to transfer the case to Montgomery County and no hearing was necessary. *See* Tex. Fam. Code §155.204(c) – (d). Even though a hearing was set on November 17, 2015 to effectuate the transfer, that hearing was not necessary.[6] Ruling after November 16, 2015, on the O'Dells' ad Litem motion was an abuse of discretion. *See Vara*, 2014 Tex. App. LEXIS 7872.

Moreover, the reappointment of the attorney ad Litem was not a ruling on temporary orders pending the transfer, as the court had denied the transfer, and the appointment of the ad Litem was not on a temporary basis. *See* Tex. Fam. Code §155.005; *see also Silverman v. Johnson*, 317 S.W.3d 846, 849 (Tex.App.—Austin,

---

[5] November 16, 2015 was the Monday after the expiration of 20 days for a controverting affidavit to be filed.

[6] Natalie Yates actually contacted Lauren Allen telling her the court had sua sponte set a hearing on the ad litem issue and asked if they should also set the Motion to Transfer on the same day. (App. S) Lauren Allen then filed the Notice of Hearing after emailing with the court's personnel. This was probably done because when Mrs. Allen found out about the order appointing the ad Litem, she contacted the Court asking if a hearing had been set and asked how the order had been signed.

2010)(no pet.)(Holding under a mandatory transfer, it was an abuse for the trial court to make a decision that was permanent to the case, and not a temporary order) On the facts of this case, the trial court had a statutory, mandatory duty to transfer venue and it lacked the discretion to make any further rulings in the case. *See id; see also Vara*, 2014 Tex. App.LEXIS 7872 at 4-5. It was an abuse of discretion for the trial court to (1) appoint the ad Litem on November 10, 2015 without a hearing first, (App. I) and then another abuse of discretion for (2) reappointing the ad Litem on November 17, 2015. (App. N)

Because this case presents a mandatory transfer, it should be the discretion of Montgomery County to determine whether an amicus attorney or attorney ad litem is needed for the child. If the court deems that necessary, a Montgomery County attorney should be appointed to save Relator costs the ad litem will charge. Having a Harris County attorney ad Litem, who on the record already voiced her objections to Montgomery County, (RR. 6-7), and whom the O'Dells already argued would be inconvenienced by traveling to Montgomery County, (App. O), Relator would be harmed by the appointment of the Attorney ad Litem. The trial court abused its discretion in not transferring the case and in appointing the Attorney ad Litem.

## PRAYER FOR RELIEF

Relator respectfully requests this court to issue mandamus relief against the 313th Judicial District Court of Harris County, Texas.

15

RESPECTFULLY SUBMITTED,

LAW OFFICE OF JOHN E. CHOATE, JR.
116 W LEWIS
CONROE, TX 77301
Lauren@ConroeLawOffice.com
Tel (936) 441-2999
Fax (936) 788-5670

By: _____
JOHN E. CHOATE, JR.
Texas Bar No. 00793503
LAUREN H. ALLEN
Texas Bar No. 24080764

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing instrument were mailed to the Respondent and counsel for the real parties in interest on the date of filing the original with the Clerk of this Court.

_____
LAUREN H. ALLEN

# VERIFICATION

BEFORE ME the undersigned authority this date personally appeared **LAUREN H. ALLEN**, who after being sworn by me did state upon her oath the following:

I, LAUREN H. ALLEN, do hereby swear and affirm that the facts stated within this Writ of Mandamus are true and correct based on my personal knowledge.

_____
**LAUREN H. ALLEN**

SUBSCRIBED AND SWORN TO before me this 4th day of December 2015.

JENNIFER HAYDEN
Notary Public, State of Texas
My Commission Expires
July 09, 2018

_____
**NOTARY PUBLIC – STATE OF TEXAS**

17

# APPENDICES

Appendix A - Reporter's Record .................................................................................A-1

Appendix B – Tex. Fam. Code §155.201 ...................................................................B-1

Appendix C - Tex. Fam. Code §155.204 ...................................................................C-1

Appendix D –Motion to Transfer ..............................................................................D-1

Appendix E – Petition to Modify the Parent-Child Relationship ..............................E-1

Appendix F – Citation Return for Ronald O'Dell......................................................F-1

Appendix G – Citation Return for Judy O'Dell.........................................................G-1

Appendix H – Respondent's Motion for Reappointment of Attorney Ad Litem..........H-1

Appendix I – Order Appointing Attorney Ad Litem....................................................I-1

Appendix J – Notice of Hearing................................................................................J-1

Appendix K – Proposed Order Transferring the SAPCR...........................................K-1

Appendix L – Proposed Order Withdrawing Appointment of Ad Litem for Child.......L-1

Appendix M – Order Denying the Transfer...............................................................M-1

Appendix N – Order Appointing Attorney Ad Litem..................................................N-1

Appendix O – Respondent's Controverting Affidavit................................................O-1

Appendix P – Proposed Order Denying Petitioner's Motion to Transfer....................P-1

Appendix Q – Motion Objecting to Respondent's Controverting Affidavit and Motion
Objecting to Respondent's Proposed Order...............................................................Q-1

Appendix R – June 2013 Order in Suit Affecting the Parent-Child Relationship.........R-1

Appendix S – 11-13-15Email from the trial court......................................................S-1

Appendix A - Reporter's Record

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
CAUSE NO. 2012-01222J
APPELLATE COURT CAUSE NO. _____


IN THE INTEREST OF          )   IN THE DISTRICT COURT OF
                            )
                            )
E██████ P█████,             )   HARRIS COUNTY, T E X A S
                            )
                            )
A CHILD                     )   313TH   JUDICIAL DISTRICT




SPECIAL HEARING




On the 17h day of November, 2015, the following proceedings came on to be held in the above-entitled and numbered cause before the Honorable Glenn Devlin, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype machine.

**A P P E A R A N C E S**

**MS. LAUREN ALLEN**
SBOT NO. 24080764
Law Office of John E. Choate, Jr.
116 W. Lewis St.
Conroe, Texas 77301
Telephone: (936)441-2999
Fax: (936)788-5670
Attorney for Respondents


**MS. ELAINA BUTEL**
Law Office of Butel & Pickett
SBOT NO. 24072014.
2222 Bissonnet Street, Suite 203
Houston, Texas 77005
Telephone: (713)589-7140
Local Counsel for Respondents


**MR. GARY POLLAND**
Polland & Associates
SBOT NO. 16095800
2211 Norfolk St. Ste. 920
Houston, Texas 77098
Telephone:  (713)621-6335
Attorney Ad Litem for Child, E█████ P█████

**P R O C E E D I N G S**

THE COURT: 2012-1222J, present before the Court -- who are you Gary?

MR. POLLAND: I represent the parents -- well, the grandparents, who have placement.

THE COURT: Present before the Court is attorney for placement, and I think you said you're the grandparents' attorney?

MS. ALLEN: They're actually not grandparents, they're aunt and uncle.

MR. POLLAND: Aunt and uncle.

THE COURT: Aunt and uncle.

MR. POLLAND: They were awarded PMC by this Court.

THE COURT: Yes, ma'am.

MS. ALLEN: Lauren Allen, I am here on behalf of the mother.

THE COURT: The mother's attorney.

MS. ALLEN: Callie Sheard.

THE COURT: I'm Elaina Butel, I'm acting as local counsel for Ms. Allen.

THE COURT: Hey, please be quiet, I can't hear up here.

MS. CROW: I'm Julie Crow, I was noticed as the amicus and -- ad litem in the previous case and the ad litem in

this case.

THE COURT: So, now, who called this hearing? Ms. Allen did?

MS. ALLEN: Well, actually, the Court emailed me and set my motion for transfer as well as their motion to re-appoint the ad litem.

THE COURT: Who wants to go first?

MS. ALLEN: I'll go first, Judge.

MR. POLLAND: Well, I would like to go first before her.

MS. ALLEN: I think it makes no --

THE COURT: Doesn't matter.

MR. POLLAND: I disagree. Because once it's transferred, you lose jurisdiction.

THE COURT: I understand that, Gary.

MR. POLLAND: So, I think I should go first. We've asked that Juli Crow be re-appointed as amicus in the case. And both sides --

THE COURT: Are you opposed to me appointing Ms. Crow?

MS. ALLEN: Well, Judge, the order was actually already signed with no notice to me, so I'm opposed to that order. I think if the case is transferred to Montgomery County under the mandatory transfer provision, I don't think it would make sense for the parties to have to pay a Harris County

attorney to go to Montgomery County. I'm not saying that I am opposed to an ad litem, period. I just think it doesn't make sense for a Harris County ad litem.

MR. POLLAND: And my argument would be that it is not a Harris County ad litem. The reason Ms. Crow should be brought back, Judge, is she has all of the institutional knowledge of the case and she was the only lawyer involved, of this group, that was involved in this case all the way back to the beginning.

THE COURT: Juli, you are appointed as ad litem.

MS. CROW: Thank you.

THE COURT: But you had notice for this hearing, right?

MS. ALLEN: I did have notice of today. Yes, sir.

THE COURT: By God, I got a new order I signed just for you.

MS. ALLEN: I appreciate that, Judge.

THE COURT: No problem.

MS. ALLEN: And second, Judge, is my motion to transfer.

THE COURT: Okay.

MS. ALLEN: The child has been living with the aunt and uncle in Montgomery County for over two years. So, under Section 155.201(b) it would be a mandatory transfer to

Montgomery County. So, I'm asking -- it's the convenience to the respondents. That's where they live. They're the ones who moved the child there, and we're asking the Court to transfer the case to Montgomery County.

MR. POLLAND: Well, under those circumstances it's related to the convenience of the respondents, and I -- we do not want the case transferred, Judge. We would prefer the case stay here because the Court also has knowledge of the background of the case since this case originated as a CPS case. And the added benefit, if it stays here, then Ms. Butel can also stay on the case and work on it which is a positive in my mind.

THE COURT: Who's the judge of Montgomery County? Cathy?

MS. ALLEN: We have a bunch of different specialized family law court's now. So, we've got Judge Gilbert in the 14th, Judge McDonald in the county court, Judge Mayes, there's --

THE COURT: Judge Mayes is still there?

MS. ALLEN: He's actually not running for the Bench again, but he has been there for 20 years, same Bench.

THE COURT: Juli, do you have an opinion?

MS. CROW: Your Honor, just because of my -- I have traveled to Montgomery County for cases that have been transferred before, and it was a nightmare. I would much

prefer it stay here.

MS. ALLEN: Judge, and if I can add -- well, under Section 155.204 of the Code, if you don't file a controverting affidavit within the answer period, then it's -- that, again, is a mandatory transfer, so -- not only does the Code date the mandatory, but no controverting affidavits were filed, and we'd ask that it be transferred to Montgomery County.

THE COURT: Motion to transfer denied. Case is reset to when? When would you like to come back and argue some more?

MS. ALLEN: Well, Judge --

THE COURT: She is taking all of this down, so you can --

MS. ALLEN: I don't have my calendar in front of me, but I guess we can notice up a temporary orders hearing.

MR. POLLAND: That's fine. The attorneys can confer and come up with a date that works. I'm fine with that.

MS. ALLEN: Thank you, Your Honor.

THE COURT: Good to see you.

MR. POLLAND: Thank you, Judge.

MS. ALLEN: Thank you.

(Hearing concluded.)

STATE OF TEXAS

COUNTY OF HARRIS

I, Jill Bartek, Official Court Reporter in and for the 313th District Court of Harris, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

**WITNESS MY OFFICIAL HAND** on this the 30th day of November, 2015.

/s/Jill Bartek, CSR
_____

Jill Bartek, CSR
Texas CSR 5065
Official Court Reporter
313th District Court
Harris County, Texas
1200 Congress, 5th Floor
Houston, Texas 77002
Telephone: 713-222-4900
Expiration: 12/31/2015

Appendix B – Tex. Fam. Code §155.201

This document is current through the 2015 regular session, 84th Legislature, Chapters: 3-11, 13-20, 22-32, 34-46, 48, 51-62, 63-68, 70-81, 83, 85-96, 98-99, 101-102, 104-105, 107-112, 114, 116-130, 132-134, 136-141, 143-149, 151-156, 158-159, 161, 163, 165-172, 174, 176, 178-180, 182, 184, 186-200, 202-207, 209-224, 227, 229-234, 236-241, 244-248, 251-252, 254-255, 257-261, 263-268, 270-287, 289-295, 297-300, 302-311, 314, 316-322, 325, 327-328, 333, 335-358, 360-363, 365-367, 369-373, 375-381, 383-393, 395-400, 402-407, 409-414, 416-421, 423-424, 426-428, 430-434, 436, 439-447, 449-456, 458-464, 466-468, 472-479, 482-487, 489-495, 497-504, 506-514, 516-526, 528-531, 533-540, 542-548, 550-553, 555-556, 558-560, 563-568, 570, 572-576, 578-584, 586-590, 592-596, 600-601, 605-611, 613-614, 616-622, 624, 626, 628-629, 631-646, 648, 650-662, 664-665, 667-671, 673-683, 685-686, 688-696, 698, 700-702, 704-705, 707, 709, 711-712, 714-715, 717-718, 720, 722-728, 730-733, 735, 737-751, 753-764, 767-769, 771-776, 778-786, 788-796, 798-811, 813-820, 822-825, 827-835, 839-840, 842-844, 848-853, 856-859, 861-869, 871, 874-876, 879-884, 886-887, 889-895, 897-907, 909, 912-914, 916-923, 926-928, 930, 933, 936-937, 939, 941-943, 947, 951-954, 956, 958-961, 963-965, 967-978, 980-983, 986-988, 990-991, 994-999, 1001, 1003, 1005-1008, 1010, 1012-1022, 1024-1030, 1033-1036, 1038-1043, 1045, 1047, 1049-1052, 1056-1064, 1066, 1069, 1071-1072, 1077-1078, 1081-1087, 1090-1093, 1095-1103, 1105-1107, 1110-1116, 1118-1125, 1127-1130, 1132-1137, 1140, 1142-1147, 1149-1152, 1154-1156, 1159-1160, 1162-1167, 1169, 1171-1172, 1174-1177, 1180-1181, 1184-1190, 1192, 1194-1202, 1204-1205, 1207-1210, 1212-1213, 1216, 1218, 1220-1221, 1223-1224, 1226-1235, 1237-1241, 1245-1250, 1253-1254, 1256, 1258-1260, 1263-1267, 1269-1270, 1274-1275, 1277, 1282

Texas Statutes & Codes Annotated by LexisNexis® > Texas Family Code > Title 5 The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship > Subtitle B Suits Affecting the Parent-Child Relationship > Chapter 155 Continuing, Exclusive Jurisdiction; Transfer > Subchapter C Transfer of Continuing, Exclusive Jurisdiction

## Sec. 155.201. Mandatory Transfer.

(a) On the filing of a motion showing that a suit for dissolution of the marriage of the child's parents has been filed in another court and requesting a transfer to that court, the court having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship shall, within the time required by Section 155.204, transfer the proceedings to the court in which the dissolution of the marriage is pending. The motion must comply with the requirements of Section 155.204(a).

(b) If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

(c) If a suit to modify or a motion to enforce an order is pending at the time a subsequent suit to modify or motion to enforce is filed, the court may transfer the proceeding as provided by Subsection (b) only if the court could have transferred the proceeding at the time the first motion or suit was filed.

## History

Enacted by Acts 1995, 74th Leg., ch. 20 (H.B. 655), § 1, effective April 20, 1995; am. Acts 1999, 76th Leg., ch. 1135 (H.B. 3786), § 1, effective September 1, 1999; am. Acts 2005, 79th Leg., ch. 916 (H.B. 260), § 14, effective June 18, 2005.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2015 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

Appendix C – Tex. Fam. Code §155.204

This document is current through the 2015 regular session, 84th Legislature, Chapters: 3-11, 13-20, 22-32, 34-46, 48, 51-62, 63-68, 70-81, 83, 85-96, 98-99, 101-102, 104-105, 107-112, 114, 116-130, 132-134, 136-141, 143-149, 151-156, 158-159, 161, 163, 165-172, 174, 176, 178-180, 182, 184, 186-200, 202-207, 209-224, 227, 229-234, 236-241, 244-248, 251-252, 254-255, 257-261, 263-268, 270-287, 289-295, 297-300, 302-311, 314, 316-322, 325, 327-328, 333, 335-358, 360-363, 365-367, 369-373, 375-381, 383-393, 395-400, 402-407, 409-414, 416-421, 423-424, 426-428, 430-434, 436, 439-447, 449-456, 458-464, 466-468, 472-479, 482-487, 489-495, 497-504, 506-514, 516-526, 528-531, 533-540, 542-548, 550-553, 555-556, 558-560, 563-568, 570, 572-576, 578-584, 586-590, 592-596, 600-601, 605-611, 613-614, 616-622, 624, 626, 628-629, 631-646, 648, 650-662, 664-665, 667-671, 673-683, 685-686, 688-696, 698, 700-702, 704-705, 707, 709, 711-712, 714-715, 717-718, 720, 722-728, 730-733, 735, 737-751, 753-764, 767-769, 771-776, 778-786, 788-796, 798-811, 813-820, 822-825, 827-835, 839-840, 842-844, 848-853, 856-859, 861-869, 871, 874-876, 879-884, 886-887, 889-895, 897-907, 909, 912-914, 916-923, 926-928, 930, 933, 936-937, 939, 941-943, 947, 951-954, 956, 958-961, 963-965, 967-978, 980-983, 986-988, 990-991, 994-999, 1001, 1003, 1005-1008, 1010, 1012-1022, 1024-1030, 1033-1036, 1038-1043, 1045, 1047, 1049-1052, 1056-1064, 1066, 1069, 1071-1072, 1077-1078, 1081-1087, 1090-1093, 1095-1103, 1105-1107, 1110-1116, 1118-1125, 1127-1130, 1132-1137, 1140, 1142-1147, 1149-1152, 1154-1156, 1159-1160, 1162-1167, 1169, 1171-1172, 1174-1177, 1180-1181, 1184-1190, 1192, 1194-1202, 1204-1205, 1207-1210, 1212-1213, 1216, 1218, 1220-1221, 1223-1224, 1226-1235, 1237-1241, 1245-1250, 1253-1254, 1256, 1258-1260, 1263-1267, 1269-1270, 1274-1275, 1277, 1282

Texas Statutes & Codes Annotated by LexisNexis® > Texas Family Code > Title 5 The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship > Subtitle B Suits Affecting the Parent-Child Relationship > Chapter 155 Continuing, Exclusive Jurisdiction; Transfer > Subchapter C Transfer of Continuing, Exclusive Jurisdiction

## Sec. 155.204. Procedure for Transfer.

(a) A motion to transfer under Section 155.201(a) may be filed at any time. The motion must contain a certification that all other parties, including the attorney general, if applicable, have been informed of the filing of the motion.

(b) Except as provided by Subsection (a) or Section 262.203, a motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. A motion to transfer by another party is timely if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever is sooner.

(c) If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court.

(d) On or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist.

(e)    If a controverting affidavit contesting the motion to transfer is filed, each party is entitled to notice not less than 10 days before the date of the hearing on the motion to transfer.

(f)    Only evidence pertaining to the transfer may be taken at the hearing.

(g)    If the court finds after the hearing on the motion to transfer that grounds for the transfer exist, the proceeding shall be transferred to the proper court not later than the 21st day after the date the hearing is concluded.

(h)    An order transferring or refusing to transfer the proceeding is not subject to interlocutory appeal.

(i)    If a transfer order has been signed by a court exercising jurisdiction under Chapter 262, a party may file the transfer order with the clerk of the court of continuing, exclusive jurisdiction. On receipt and without a hearing, the clerk of the court of continuing, exclusive jurisdiction shall transfer the files as provided by this subchapter.

## History

Enacted by Acts 1995, 74th Leg., ch. 20 (H.B. 655), § 1, effective April 20, 1995; am. Acts 1999, 76th Leg., ch. 1150 (H.B. 3838), § 1, effective September 1, 1999; am. Acts 1999, 76th Leg., ch. 1390 (H.B. 1622), § 14, effective September 1, 1999; am. Acts 2005, 79th Leg., ch. 916 (H.B. 260), § 15, effective June 18, 2005.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2015 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

Appendix D – Motion to Transfer

NO. 2012-01222J

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| E███ A████ P████ | § | 313 JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

## MOTION TO TRANSFER

This Motion to Transfer is brought by CALLIE LYNN SHEARD, Petitioner, who requests transfer of this proceeding.

### 1. Jurisdiction

This Court has acquired and retains continuing, exclusive jurisdiction of this suit and of the child the subject of this suit as a result of prior proceedings.

### 2. Grounds for Transfer

The principal residence of the child is in Montgomery County, Texas, and has been in that county during the six-month period preceding the commencement of this suit. Venue is proper in that county.

### 3. Prayer

CALLIE LYNN SHEARD prays that notice be issued as required by law. CALLIE LYNN SHEARD prays that the Court order the transfer of this proceeding in accordance with the allegations of this motion.

CALLIE LYNN SHEARD prays for general relief.

Respectfully submitted,

Law Office of John E. Choate
116 West Lewis
Conroe, TX 77301
Tel: (936) 441-2999
Fax: (936) 788-5670

By: _____
Lauren H. Allen
State Bar No. 24080764
Lauren@ConroeLawOffice.com

Certified Document Number: 67406616 - Page 1 of 2

Attorney for CALLIE LYNN SHEARD

Certificate of Service

     I certify that a true copy of the will be served on each attorney of record in accordance with the Texas Rules of Civil Procedure, by having the civil process server, David Lanoue or his agent, serve the parties with citation(s) and a copy of this motion, as will be duly noted on the return filed with this court.

Lauren H. Allen
Attorney for CALLIE LYNN SHEARD

Certified Document Number: 67406616 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 25, 2015

Certified Document Number:        67406616

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Appendix E – Petition to Modify Parent-Child Relationship

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

NO. 2012-01222J

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| E███ A█████ P██████ | § | 313 JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

## PETITION TO MODIFY PARENT-CHILD RELATIONSHIP

### 1. Discovery Level

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

### 2. Parties and Order to Be Modified

This suit to modify a prior order is brought by **CALLIE LYNN SHEARD**, Petitioner. The last three numbers of CALLIE LYNN SHEARD's driver's license number are ███. The last three numbers of CALLIE LYNN SHEARD's Social Security number are ███.

Petitioner is the mother of the child and has standing to bring this suit. The requested modification will be in the best interest of the child.

Respondents are JUDY O'DELL and RONALD O'DELL.

The order to be modified is entitled "DECREE FOR TERMINATION AS TO THE FATHER, J███ P██████AND DECREE IN SUIT AFFECTING THE PARTENT-CHILD REALTIONSHIP AS TO THE MOTHER, CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD" and was rendered on June 18, 2013.

### 3. Jurisdiction Seeking Transfer

This Court has continuing, exclusive jurisdiction of this suit. However, a transfer is being sought transferring this case to Montgomery County, Texas under mandatory venue provisions.

### 4. Child

The following child is the subject of this suit:

Name: E███ A█████ P██████
Sex: Male

Certified Document Number: 67453924 - Page 1 of 5

Birth date: ██████████
County of residence: Montgomery

5.     *Parties Affected*

The following parties may be affected by this suit:

Name:  **JUDY O'DELL**
Relationship:   maternal great aunt
     Process should be served.

Name:  **RONALD O'DELL**
Relationship:   maternal great uncle
     Process should be served.

6.     *Child's Property*

There has been no change of consequence in the status of the child's property since the prior order was rendered.

7.     *Modification of Conservatorship, Possession and Access*

The order to be modified is not based on a mediated or collaborative law settlement agreement.   The circumstances of the child, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified.

**Conservatorship**:
Petitioner request
s that she be appointed as the sole managing conservator of the child, or in the alternative, as a joint managing conservator of the child with the right to designate the primary residence of the child.

The Respondents should be removed as conservators, or in the alternative, be named possessory conservators.

**Rights & Duties:**

Petitioner requests that the rights and duties of the respective conservators of the child be modified to provide as follows:

Petitioner should have the following rights:

1.     the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

Certified Document Number: 67453924 - Page 2 of 5

2. the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3. the right of access to medical, dental, psychological, and educational records of the children;

4. the right to consult with a physician, dentist, or psychologist of the children;

5. the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6. the right to attend school activities;

7. the right to be designated on the children's records as a person to be notified in case of an emergency;

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

9. the right to manage the estates of the children to the extent the estates have been created by the parent or the parent's family.

Petitioner should have the following rights and duties:

10. the duty of care, control, protection, and reasonable discipline of the children;

11. the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

12. the right to consent for the children to medical and dental care not involving an invasive procedure; and

13. the right to direct the moral and religious training of the children.

Petitioner should have the following rights, to be exercised exclusively by Petitioner, and in the alternative, independently:

14. The right to designate the child's primary residence;

15. The right to select which school or schools the child will attend

and make other educational decisions;

16. The right to consent to medical and dental treatment involving invasive procedures in situations not constituting an emergency;

17. The right to consent to medical treatment involving invasive procedures in an emergency;

18. The right to consent to psychological and psychiatric treatment for the child;

19. The right to represent the child in legal proceedings

20. The right to represent the child when the child's action is required by an agency of the government of the United States, one of its states or territories, or a foreign government;

21. The right to consent to marriage and enlistment in the armed forces;

22. The right to the services and earnings of the child; and

23. The right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child

### Possession & Access:

Petitioner believes that the parties will enter into a written agreement containing provisions for modification of the order providing for possession of and access to the child. If the parties do not reach an agreement, the Court should render such an order that is in the best interest of the child, ensuring frequent and continuing contact with his mother, and, if the Court feels it is necessary, giving the Respondents visitation with the child of one weekend per month for a period of six months to be stepped-down with no court ordered periods of visitation.

The requested modification is in the best interest of the child.

8. *Request for Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Petitioner to secure the services of Lauren H. Allen, a licensed attorney, to preserve and protect the child's rights. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs through trial and appeal, and a judgment should be rendered in favor of this attorney and against Respondent and be ordered paid directly to Petitioner's attorney, who may enforce the judgment in the attorney's own name. Petitioner

requests postjudgment interest as allowed by law,

9.    *Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court enter its orders in accordance with the allegations contained in this petition.

Petitioner prays for attorney's fees, expenses, costs, and interest as requested above.

Petitioner prays for general relief.

Respectfully submitted,

Law Office of John E. Choate
116 West Lewis
Conroe, TX 77301
Tel: (936) 441-2999
Fax: (936) 788-5670

By: _____
Lauren H. Allen
State Bar No. 24080764
Lauren@ConroeLawOffice.com
Attorney for Petitioner

Certified Document Number: 67453924 - Page 5 of 5



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 25, 2015

Certified Document Number:        67453924

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

Appendix F – Citation Return on Ronald O'Dell

CAUSE NO. 2012012223

RECEIPT NO.      0.00    CIV
\*\*\*\*\*\*\*\*\*    TR # 82446619

PLAINTIFF: TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES
vs.
DEFENDANT: ANDERSON, CALLIE

In The 313th
Judicial District Court
of Harris County, Texas
313TH DISTRICT COURT
Houston, TX

## CITATION

THE STATE OF TEXAS
County of Harris

TO: O'DELL, RONALD
     24223 EVERGREEN RD  PORTER TX 77365

Attached is a copy of <u>MOTION TO TRANSFER</u>

This instrument was filed on the <u>13th day of October, 2015</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 20th day of October, 2015, under my hand and seal of said Court.

<u>Issued at request of:</u>
ALLEN, LAUREN H
116 WEST LEWIS
CONROE, TX 77301
Tel: (936) 441-2999
<u>Bar No.</u>: 24080764

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline      Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: ALARCON, CRISTINA    P4G//10218073

---

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _12:00_ o'clock _p_ .M., on the _21_ day of _October_, _2015_.
Executed at (address) _24223 Evergreen Rd. Porter, TX 77365_ in _Montgomery_ County at _2:00_ o'clock _p_ .M., on the _21_ day of _October_ _2015_ by delivering to _Ronald O'Dell_ defendant, in person, a true copy of this Citation together with the accompanying _1_ copy(ies) of the _Motion To Transfer_ Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _22_ day of _October_, _15_.

Fee: $ _____

Affiant

_____ of _SCH1495_ County, Texas

By _David Lanoue_
     Deputy

On this day, _DAVID LANOUE_, known to me to be the person whose signature appears on the foregoing return, personally appeared . After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _22nd_ day of _OCTOBER_, _2015_.



TAMMY K. TRAPP
Notary Public, State of Texas
My Commission Expires
May 12, 2019

Notary Public

NJNT.CITR.P

Certified Document Number: 67699024 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    November 25, 2015


Certified Document Number:          67699024


Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Appendix G – Citation Return on Judy O'Dell

CAUSE NO. 2012012223J

RECEIPT NO.           0.00     CIV
\*\*\*\*\*\*\*\*\*\*         TR # 82446589

PLAINTIFF: TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES     In The 313th
    vs.                                               Judicial District Court
DEFENDANT: ANDERSON, CALLIE                     of Harris County, Texas
                                                        313TH DISTRICT COURT
                                                        Houston, TX

### CITATION

THE STATE OF TEXAS
County of Harris

TO: O'DELL, JUDY
    24223 EVERGREEN RD   PORTER TX 77365

Attached is a copy of <u>MOTION TO TRANSFER</u>

This instrument was filed on the <u>13th day of October, 2015,</u> in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 20th day of October, 2015, under my hand and seal of said Court.

Issued at request of:
ALLEN, LAUREN H
116 WEST LEWIS
CONROE, TX 77301
Tel: (936) 441-2999
Bar No.: 24080764

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline     Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
GENERATED BY: ALARCON, CRISTINA    P4G//10218073

---

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at *12:00* o'clock *P* .M., on the *21* day of *October*, *2015*.

Executed at (address) *24223 Evergreen Rd. Porter, TX 77365* in *Montgomery* County at *3:00* o'clock *P* .M., on the *22* day of *October* *2015* by delivering to *Judy O'Dell* defendant, in person, a true copy of this Citation together with the accompanying copy(ies) of the Petition attached thereto and I endorsed on said copy of the citation the date of delivery. *Motion To Transfer*

To certify which I affix my hand officially this *23* day of *October*, *2015*.

Fee: $_____

_____
Affiant

_____ of _____ County, Texas

By *David Lanoue SCH149*
Deputy

On this day, *David Lanoue*, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this *23* day of *October*, *2015*.

_____
Notary Public

TAMMY K. TRAPP
Notary Public, State of Texas
My Commission Expires
May 12, 2019

Certified Document Number: 67699030 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 25, 2015


Certified Document Number:        67699030


Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

Appendix H – Respondent's Motion for Reappointment of
Attorney Ad Litem for Child

## CAUSE NO. 2012-01222J

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT OF |
| | § | |
| E███ A███ P██████ | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHILD | § | 313TH JUDICIAL DISTRICT |

### RESPONDENTS' MOTION FOR REAPPOINTMENT OF ATTORNEY AD LITEM FOR CHILD

Respondents, JUDY O'DELL and RONALD O'DELL ("Respondents") ask the Court to re-appoint the Attorney Ad Litem for the Child the subject of this suit in this case, as authorized by Texas Family Code section 107.021.

### BACKGROUND

1.  The child is E███ A███ P██████

2.  Respondents JUDY O'DELL and RONALD O'DELL are husband and wife, and are the Joint Managing Conservators of the child.

3.  The mother of the child the subject of this suit is CALLIE LYNN SHEARD ("Ms. Sheard"). Respondents have filed a counter petition requesting the termination of Ms. Sheard's parental rights.

4.  The father of the child the subject of this suit is J████ P████, and his parental rights have been terminated by this court.

5.  Ms. Sheard filed a Petition to Modify Parent-Child Relationship on October 13, 2015. The Decree to be modified is the Court's June 18, 2013, Decree for Termination as to the Father, J███ P███ and the Decree in Suit Affecting the Parent-Child Relationship as to the Mother, Callie Anderson AKA Callye Anderson AKA Callie Lynn Sheard, in the pre-existing suit brought against Ms. Sheard by

the Texas Department of Child and Family Protection.

6. The Court previously appointed Juliane Crow as Attorney Ad Litem for the child the subject of this suit.

7. Respondents request that the Court reappoint Juliane Crow as Attorney Ad Litem for the child the subject of this suit.

## ARGUMENT & AUTHORITIES

8. In a private termination suit, a court must appoint either an amicus attorney to assist the court in protecting the interests of the child or an attorney ad litem to represent the child if no other amicus attorney or attorney ad litem has been appointed and no party to the suit can adequately represent the child's interests. Tex. Fam. Code §107.021(a-1); *In re K.M.M.*, 326 S.W.3d 714, 715 (Tex. App.—Amarillo 2010, no pet.); *In re K.D.S.*, No. 09-11-00367-CV (Tex. App.—El Paso 2012, pet. denied) (memo op.; 3-29-12). Before making an appointment, the court must (1) consider the parties' ability to pay the amicus attorney's or attorney ad litem's reasonable fees and (2) balance the child's interests against the cost to the parties, taking into account the cost of available alternatives for resolving issues without an appointment. Tex. Fam. Code §107.021(b)(1).

9. Respondents ask the Court to re-appoint Juliane Crow as Attorney Ad Litem in this case as it appears that no party to the suit can adequately represent the child's interests.

10. The appointment of an Attorney Ad Litem is proper in this case because the parties are capable of paying the Attorney Ad Litem's reasonable fees and the

child's interests outweigh the potential costs to the parties, even after considering other available alternatives to the appointment.

## PRAYER

11.     For these reasons, Respondents ask the Court to re-appoint Juliane Crow as Attorney Ad Litem for the child the subject of this suit, in order to protect the interests of the child and issue an order granting the Attorney Ad Litem immediate access to the child and any information relating to the child, including privileged and confidential information.

Respectfully submitted,

By: /S/ Gary M. Polland
Gary M. Polland
State Bar No. 16095800
Valerie L. Brock
State Bar No. 12074610
2211 Norfolk, Suite 920
Houston, Texas 77046
Telephone: 713-621-6335
Facsimile: 713-622-6334
Email: pollandlaw@yahoo.com
ATTORNEYS FOR RESPONDENTS/
COUNTER-PETITIONERS

## CERTIFICATE OF SERVICE

I hereby certify that on the ____10th____ day of November 2015, a true and correct copy of the foregoing Motion for Re-Appointment of Attorney Ad Litem for Child was forwarded via facsimile and/or via first class mail or hand-delivery to opposing counsel in accordance with the Texas Rules of Civil Procedure as follows:

*Via Facsimile (936)441-2999*
Lauren H. Allen
Attorney for Callie Lynn Sheard

/S/ Gary M. Polland
Gary M. Polland

Certified Document Number: 67788178 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 25, 2015

Certified Document Number:        67788178

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Appendix I – Order Appointing Attorney Ad Litem

ORIGINAL

FILED
Chris Daniel
District Clerk
NOV 10 2015
Time:
Harris County, Texas
By
Deputy

CAUSE NO. 2012-01222J

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT OF |
| | § | |
| E██████ A██████ P████████ | § | HARRIS COUNTY, TEXAS |
| | § | |
| CHILD | § | 313TH JUDICIAL DISTRICT |

## ORDER REAPPOINTING ATTORNEY AD LITEM FOR CHILD

After considering Respondent's Motion for Re-Appointment of Attorney Ad Litem for the Child, the response, and arguments of counsel, the Court.

GRANTS the motion, finds that the appointment of an Attorney Ad Litem for the child the subject of this suit is necessary to ensure that E██████ A██████ P████████ best interest is adequately represented, and re-appoints JUILANE "JULI" CROW, State Bar No. 24000653, P.O. Box 10152, Houston, Texas 77206, Telephone: 281-382-1395, Facsimile: 713-422-2389, as Attorney Ad Litem for the child.

1. Accordingly, the Court finds that Attorney Ad Litem is entitled to reasonable fees and expenses to be paid by Petitioner CALLIE LYNN SHEARD and Respondents JUDY O'DELL and RONALD O'DELL, and ORDERS CALLIE LYNN SHEARD to deposit $ 750 , and JUDY O'DELL and RONALD O'DELL $ 750 into Amicus Attorney's trust account by 30th day of November 2015.

2. IT IS FURTHER ORDERED that Attorney Ad Litem will have immediate access to the child.

3. IT IS FURTHER ORDERED that Attorney Ad Litem will have immediate access to any information relating to the child, as authorized by Texas Family Code section 107.006. This information includes but is not limited to the records relating to medical, mental-health, and substance-abuse care or treatment, social services, law enforcement, school, probate or other court proceedings, or trusts or accounts of which the child is a beneficiary.

4. IT IS FURTHER ORDERED that Attorney Ad Litem may investigate the facts of the case to the extent she considers appropriate.

5. IT IS FURTHER ORDERED that Attorney Ad Litem must perform all duties in this case regarding the child, including the following:

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of imaging.

Certified Document Number: 67926425 - Page 1 of 3

a.  Within a reasonable time after the appointment, interview the following people:

   (1)  Any child that is four or more years old and elicit, in a developmentally appropriate manner, the child's expressed objectives.

   (2)  Each person who has significant knowledge of the child's history and condition, including foster parents of the child.

   (3)  The parties to the suit.

b.  Obtain and review copies of relevant records relating to the child as provided by Section 107.006.

c.  Participate in the conduct of litigation to the same extent as an attorney for a party.

d.  Take any action consistent with the child's interests that Attorney Ad Litem considers necessary to expedite the proceedings.

e.  Encourage settlement and the use of alternative forms of dispute resolution.

f.  Review and sign, or decline to sign, a proposed or agreed order affecting the child.

6. IT IS FURTHER ORDERED that Attorney Ad Litem will only be required to attend court hearings when her presence is necessary to protect the child's best interest.

SIGNED on ___NOV 1 0 2015___.

_____
JUDGE PRESIDING

Certified Document Number: 67926425 - Page 2 of 3

**APPROVED AS TO FORM
AND ENTRY REQUESTED:**

By: */S/ Gary M. Polland*
Gary M. Polland
State Bar No. 16095800
Valerie L. Brock
State Bar No. 12074610
2211 Norfolk, Suite 920
Houston, Texas 77046
Telephone: 713-621-6335
Facsimile: 713-622-6334
Email: pollandlaw@yahoo.com
ATTORNEYS FOR RESPONDENTS

Certified Document Number: 67926425 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this    November 25, 2015

Certified Document Number:        67926425

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

Appendix J – Notice of Hearing

11/13/2015 11:56:34 AM
Chris Daniel - District Clerk Harris County
Envelope No. 7818905
By: Emily Ramos
Filed: 11/13/2015 11:56:34 AM

NO. 2012-01222J

| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
|---|---|---|
| E███ A███ P███ | § § § | 313 JUDICIAL DISTRICT |
| A CHILD | § § | HARRIS COUNTY, TEXAS |

## NOTICE OF HEARING

The Court has set the following Motions to be heard on <u>Tuesday, November 17, 2015 at 1:15 p.m.</u>:

1. Petitioner's Motion to Transfer

2. Respondent's Motion for Reappointment of Attorney Ad Litem for Child

Respectfully submitted,

Law Office of John E. Choate
116 West Lewis
Conroe, TX 77301
Tel: (936) 441-2999
Fax: (936) 788-5670

By: _____
Lauren H. Allen
State Bar No. 24080764
Lauren@ConroeLawOffice.com
Attorney for CALLIE LYNN SHEARD

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on __11-13-15__.

Gary M. Polland
*Attorney for Respondents*
2211 Norfolk, Suite 920
Houston, TX 77046
pollandlaw@yahoo.com

___ Certified Mail RRR
___ Regular Mail
_X_ Fax
___ Personal Delivery
___ E-Mail

Certified Document Number: 67876401 - Page 1 of 2

Tel: (713) 621-6335
Fax: (713) 622-6334

**Juli Crow**
PO Box 10152
Houston, TX   77206

Fax: (713) 422-2389

_____ File & Serve


_____ Certified Mail RRR
_____ Regular Mail
✓ Fax
_____ Personal Delivery
_____ E-Mail
_____ File & Serve


John E. Choate, Jr.
Lauren H. Allen

Certified Document Number: 67876401 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 25, 2015

Certified Document Number:        67876401

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Appendix K – Proposed Order Transferring Suit Affecting the
Parent-Child Relationship

NO. 2012-01222J

| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| E███ A███ P███ | § | 313 JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

## ORDER TRANSFERRING SUIT AFFECTING PARENT-CHILD RELATIONSHIP

The Court, after considering the pleadings, finds that no controverting affidavit has been filed and that the Motion to Transfer filed by CALLIE LYNN SHEARD should be granted.

IT IS THEREFORE ORDERED that this suit is transferred to Montgomery County, Texas. On receipt of the pleadings, documents, and orders from the transferring court, the district clerk in that county is ORDERED to file and docket the suit in the appropriate court under the same procedures as those used for filing an original action. The district clerk shall notify the judge of the transferee court, all parties, the clerk of the transferring court, and, if appropriate, the transferring court's local registry that the suit has been docketed.

The clerk of this Court is ordered to transmit immediately, in accordance with the provisions of the Texas Family Code, the following documents:

1. The pleadings in the pending proceeding.
2. A certified copy of all entries in the minutes.
3. A certified copy of each final order.
4. A certified copy of the order of transfer signed by the transferring court.

The clerk of this Court is ordered to keep a copy of the transferred pleadings and documents.

The clerk of this Court is ordered to send a certified copy of this order to CALLIE LYNN SHEARD, JUDY O'DELL, RONALD O'DELL and to the state disbursement unit.

All costs, including certified or other copying expenses and postage, are taxed against CALLIE LYNN SHEARD, for which let execution issue.

SIGNED on _____.


_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:


_____
*In the Interest of P███*
Order Transferring Case                                                          Page 1

Certified Document Number: 67915731 - Page 1 of 2

Law Office of John E. Choate
116 West Lewis
Conroe, TX 77301
Tel: (936) 441-2999
Fax: (936) 788-5670

By: _____
Lauren H. Allen
Attorney for Petitioner
State Bar No. 24080764
Lauren@ConroeLawOffice.com

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on __11-17-15__ .

Gary M. Polland
*Attorney for Respondents*
2211 Norfolk, Suite 920
Houston, TX 77046
pollandlaw@yahoo.com
Tel: (713) 621-6335
Fax: (713) 622-6334

___ Certified Mail RRR
___ Regular Mail
_X_ Fax
___ Personal Delivery
___ E-Mail
___ File & Serve

Juli Crow
PO Box 10152
Houston, TX 77206

Fax: (713) 422-2389

___ Certified Mail RRR
___ Regular Mail
_X_ Fax
___ Personal Delivery
___ E-Mail
___ File & Serve

_____
John E. Choate, Jr.
Lauren H. Allen

_____

*In the Interest of Powers*
Order Transferring Case

Page 2

Certified Document Number: 67915731 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 25, 2015

Certified Document Number:        67915731

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Appendix L – Proposed Order Withdrawing Appointment of Ad Litem for Child

11/17/2015 12:34:17 PM
Chris Daniel - District Clerk Harris County
Envelope No. 7863278
By: Emily Ramos
Filed: 11/17/2015 12:34:17 PM

NO. 2012-01222J

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| E▬▬ A▬▬ P▬▬ | § | 313 JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

## ORDER WITHDRAWING APPOINTMENT OF AD LITEM FOR CHILD

The Court finds that Respondents did not properly request a hearing on their Motion for Reappointment of Attorney Ad Litem for Child, and no notice or opportunity was given to the Petitioner on that Motion, and therefore, the Order signed on November 10, 2015, Reappointing Ad Litem for Child is hereby WITHDRAWN.

SIGNED on _____

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

Law Office of John E. Choate
116 West Lewis
Conroe, TX 77301
Tel: (936) 441-2999
Fax: (936) 788-5670

By: _____
Lauren H. Allen
Attorney for Petitioner
State Bar No. 24080764
Lauren@ConroeLawOffice.com

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on *11-17-15* _____.

*In the Interest of Powers* Page 1

Certified Document Number: 67915730 - Page 1 of 2

Certified Document Number: 67915730 - Page 2 of 2

Gary M. Polland
*Attorney for Respondents*
2211 Norfolk, Suite 920
Houston, TX   77046
pollandlaw@yahoo.com
Tel: (713) 621-6335
Fax: (713) 622-6334

\_\_\_ Certified Mail RRR
\_\_\_ Regular Mail
_✓_ Fax
\_\_\_ Personal Delivery
\_\_\_ E-Mail
\_\_\_ File & Serve

**Jull Crow**
PO Box 10152
Houston, TX   77206

Fax: (713) 422-2389

\_\_\_ Certified Mail RRR
\_\_\_ Regular Mail
_✓_ Fax
\_\_\_ Personal Delivery
\_\_\_ E-Mail
\_\_\_ File & Serve

John E. Choate, Jr.
Lauren H. Allen



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 25, 2015

Certified Document Number:        67915730

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

Appendix M – Order Denying Transfer

ORIGINAL

CAUSE NO. 2012-01222J

| IN THE INTEREST OF | § | IN THE 313th DISTRICT |
| | § | COURT |
| E████ A████ P████, | § | HARRIS COUNTY, TEXAS |
| A CHILD | § | |

**FILED**
Chris Daniel
District Clerk
NOV 18 2015
Harris County, Texas
Deputy

## ORDER

Time: 9:05A

After considering Respondent's Motion for Transfer, the evidence presented, the response, and arguments of counsel, the Court hereby:

ORDERS that Petitioners Motion to Transfer is hereby denied.

Signed on ___11-18-15___

_____
Judge Presiding

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of imaging.

Certified Document Number: 67961029 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 25, 2015

Certified Document Number:        67961029

*Chris Daniel*

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Appendix N – Order Appointing Attorney Ad Litem

CAUSE NO. 2012-01222J

| IN THE INTEREST OF | § | IN THE DISTRICT COURT OF |
|---|---|---|
| E███ A███ P███ | § § § | HARRIS COUNTY, TEXAS |
| CHILD | § § | 313TH JUDICIAL DISTRICT |

**F I L E D**
Chris Daniel
District Clerk

NOV 1 8 2015

Harris County, Texas

By _____
Deputy

**ORDER REAPPOINTING ATTORNEY AD LITEM FOR CHILD**

After considering Respondent's Motion for Re-Appointment of Attorney Ad Litem for the Child, the response, and arguments of counsel, the Court.

GRANTS the motion, finds that the appointment of an Attorney Ad Litem for the child the subject of this suit is necessary to ensure that E███ A███ P███ best interest is adequately represented, and re-appoints JUILANE "JULI" CROW, State Bar No. 24000653, P.O. Box 10152, Houston, Texas 77206, Telephone: 281-382-1395, Facsimile: 713-422-2389, as Attorney Ad Litem for the child.

1. Accordingly, the Court finds that Attorney Ad Litem is entitled to reasonable fees and expenses to be paid by Petitioner CALLIE LYNN SHEARD and Respondents JUDY O'DELL and RONALD O'DELL, and ORDERS CALLIE LYNN SHEARD to deposit $ 750.00, and JUDY O'DELL and RONALD O'DELL $750.00 into Amicus Attorney's trust account by 30th day of November 2015.

2. IT IS FURTHER ORDERED that Attorney Ad Litem will have immediate access to the child.

3. IT IS FURTHER ORDERED that Attorney Ad Litem will have immediate access to any information relating to the child, as authorized by Texas Family Code section 107.006. This information includes but is not limited to the records relating to medical, mental-health, and substance-abuse care or treatment, social services, law enforcement, school, probate or other court proceedings, or trusts or accounts of which the child is a beneficiary.

4. IT IS FURTHER ORDERED that Attorney Ad Litem may investigate the facts of the case to the extent she considers appropriate.

5. IT IS FURTHER ORDERED that Attorney Ad Litem must perform all duties in this case regarding the child, including the following:

    a.    Within a reasonable time after the appointment, interview the following people:

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

Certified Document Number: 67961028 - Page 1 of 3

     (1)    Any child that is four or more years old and elicit, in a developmentally appropriate manner, the child's expressed objectives.

     (2)    Each person who has significant knowledge of the child's history and condition, including foster parents of the child.

     (3)    The parties to the suit.

  b.    Obtain and review copies of relevant records relating to the child as provided by Section 107.006.

  c.    Participate in the conduct of litigation to the same extent as an attorney for a party.

  d.    Take any action consistent with the child's interests that Attorney Ad Litem considers necessary to expedite the proceedings.

  e.    Encourage settlement and the use of alternative forms of dispute resolution.

  f.    Review and sign, or decline to sign, a proposed or agreed order affecting the child.

6. IT IS FURTHER ORDERED that Attorney Ad Litem will only be required to attend court hearings when her presence is necessary to protect the child's best interest.


SIGNED on _____11-18-15_____.

_____
JUDGE PRESIDING

Certified Document Number: 67961028 - Page 2 of 3

**APPROVED AS TO FORM
AND ENTRY REQUESTED:**

By: */S/ Gary M. Polland*
Gary M. Polland
State Bar No. 16095800
Valerie L. Brock
State Bar No. 12074610
2211 Norfolk, Suite 920
Houston, Texas 77046
Telephone: 713-621-6335
Facsimile: 713-622-6334
Email: pollandlaw@yahoo.com
ATTORNEYS FOR RESPONDENTS

Certified Document Number: 67961028 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 25, 2015

Certified Document Number:        67961028

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Appendix O – Respondent's Controverting Affidavit

CAUSE NO. 2012-01222J

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT OF |
| | § | |
| E████ A██████ P██████ | § | HARRIS COUNTY, TEXAS |
| | § | |
| MINOR CHILD | § | 313TH JUDICIAL DISTRICT |

## RESPONDENT'S CONTROVERTING AFFIDAVIT

FILED
Chris Daniel
District Clerk
NOV 18 2015
Time:_____
Harris County, Texas
By_____
Deputy

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, personally appeared GARY M. POLLAND, who, having first been duly sworn, upon his oath deposes and says the following:

"The proposed transfer of the above styled and numbered case is against the best interest of the child. The 313th Judicial District Court Judge is knowledgeable about the case history and background. The reappointment of Amicus Attorney in the case, Julie Crow, is also critical to the child's best interest and traveling to Montgomery County would be an inconvenience for her.

In addition, Respondent's permanent managing conservators prefer the current Court due to the above reasons. Petitioners also have wholly failed to present any evidence to the contrary or factually justify a transfer."

/S/
_____
GARY M. POLLAND

SUBSCRIBED AND SWORN TO before me on this _____ day of November 2015, by _____.

_____
Notary Public, State of Texas

Appendix P – Proposed Order Denying Petitioner's Motion to Transfer

NO. 2012-01222J

| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| E███ A██████ P██████ | § | 313 JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

## ORDER DENYING PETITIONER'S MOTION TO TRANSFER

On November 17, 2015, the Court heard Petitioner's Motion to Transfer and rendered in open Court as follows:

Motion DENIED.

_____
Presiding Judge

Certified Document Number: 67951955 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
. Witness my official hand and seal of office
this   November 25, 2015

Certified Document Number:        67951955

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

Appendix Q –
Motion Objecting to Respondent's Controverting Affidavit
and
Motion Objecting to Respondent's Proposed Order

NO. 2012-01222J

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| E█████ A█████ P██████ | § | 313 JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

## MOTION OBJECTING TO RESPONDENT'S CONTROVERTING AFFIDAVIT & MOTION OBJECTING TO RESPONDNET'S PROPOSED ORDER

Petitioner hereby brings this Motion Objecting to Respondent's Controverting Affidavit and Motion Objecting to Respondent's Proposed Order denying Petitioner's Motion to Transfer and shows the following:

1. Petitioner's Motion to Transfer was filed with this Court on October 8, 2015.

2. Respondent Judy O'Dell was served with the Motion to Transfer by a civil process server on October 22, 2015, as duly noted on the return filed with this Court on November 2, 2015.

3. Respondent Ronald O'Dell was served with the Motion to Transfer by a civil process server on October 21, 2015, as duly noted on the returned filed with this Court on November 2, 2015.

4. On November 13, 2015, Petitioner filed her Notice of Hearing on Petitioner's Motion to Transfer, even though no controverting affidavit had been filed.

5. The Hearing on Petitioner's Motion to Transfer took place on November 17, 2015.

6. As of November 17, 2015, Respondents had not filed any controverting affidavit.

7. On November 17, 2015, in open court, the Court judicially rendered Petitioner's Motion to Transfer was denied after arguments of counsel.

8. After the Court rendered, and Petitioner's counsel, Lauren Allen, argued that the Transfer must be granted for numerous reasons, one being that the Respondents did not file a controverting affidavit, Respondents now seek to file their controverting affidavit.

9. Petitioner OBJECTS to that affidavit as stated herein and more specifically because:
   (1) it was not timely filed;
   (2) it was filed after the Court rendered in open Court on the Motion to Transfer;
   (3) it is not verified;

Certified Document Number: 67972179 - Page 1 of 4

(4) it does not deny that the grounds for the Mandatory Transfer pursuant to Tex. Fam. Code §155.201(b) exist;

(5) it does not deny that grounds for the transfer exist; and

(6) Petitioner was not given notice "not less than 10 days before the date of the hearing on the motion to transfer."

10. Petitioner OBJECTS to the order filed by Respondents on November 18, 2015, entitled "Order" which specifically references that the Court considered the "evidence presented, the response" ... and completely fails to mention that the Court judicially rendered in open Court on November 17, 2015 that the Motion to Transfer was denied.

11. Respondent's proposed order makes it look like the Court would be denying the Motion to Transfer after the controverting affidavit was filed, when that is not the case.

12. Petitioner previously filed on November 19, 2015, an order that accurately reflects the Court's ruling on November 17, 2015, and that order is attached hereto as **Exhibit A**.

Petitioner prays the Court sign an order that accurately reflects the record, in which the Court judicially rendered on November 17, 2015 that the Motion to Transfer was denied.

Respectfully submitted,

Law Office of John E. Choate
116 West Lewis
Conroe, TX 77301
Tel: (936) 441-2999
Fax: (936) 788-5670

By: _____
Lauren H. Allen
Attorney for Petitioner
State Bar No. 24080764
Lauren@ConroeLawOffice.com

Certified Document Number: 67972179 - Page 2 of 4

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on __11-20-15__ .

**Gary M. Polland**
*Attorney for Respondents*
2211 Norfolk, Suite 920
Houston, TX 77046
pollandlaw@yahoo.com
Tel: (713) 621-6335
Fax: (713) 622-6334

___ Certified Mail RRR
___ Regular Mail
_✓_ Fax
___ Personal Delivery
___ E-Mail
___ File & Serve

**Juli Crow**
PO Box 10152
Houston, TX 77206

Fax: (713) 422-2389

___ Certified Mail RRR
___ Regular Mail
_✓_ Fax
___ Personal Delivery
___ E-Mail
___ File & Serve

John E. Choate, Jr.
Lauren H. Allen

Certified Document Number: 67972179 - Page 3 of 4

NO. 2012-01222J

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| E█████ A█████ P███████ | § | 313 JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

## ORDER DENYING PETITIONER'S MOTION TO TRANSFER

On November 17, 2015, the Court heard Petitioner's Motion to Transfer and rendered in open Court as follows:

Motion DENIED.

_____
Presiding Judge

Certified Document Number: 67972179 - Page 4 of 4





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 25, 2015

Certified Document Number:      67972179

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Appendix R –
June 18, 2013 Order in the Suit Affecting the Parent-Child
Relationship

☐ **ORIGINAL**



CAUSE NO. 2012-01222J

IN THE INTEREST OF

E█ A█ P█

**FILED**
Chris Daniel
District Clerk

CHILD

JUN 1 8 2013

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

313TH JUDICIAL JUVENILE DISTRICT

**DECREE FOR TERMINATION AS TO THE FATHER, J█ P█ AND DECREE IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP AS TO THE MOTHER, CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD**

On **May 23, 2013** through **June 3, 2013**, came on to be heard before this Court Petitioner's *Suit To Affect The Parent-Child Relationship, and Suit To Terminate The Parent-Child Relationship.*

1.  **Appearances**

    1.1.  The Department of Family and Protective Services ("the Department") appeared through **CHARRICKA BABERS**, caseworker, and by attorney, **DAVID S. MASQUELETTE.**, and announced ready.

    1.2.  Respondent **Mother, CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD**, SSN XXX-XX-5097, appeared in person and through her Attorney, **SUSAN RYAN SOLIS**, and announced ready.

    1.3.  **JUDY O'DELL**, Maternal Great Aunt of the child, E█ A█ P█, appeared in person, agreed to the terms of this order, waived service of citation and announced ready.

    1.4.  **RONALD O'DELL,** agreed to the terms of this order and waived service of citation and notice.

    1.5.  Respondent **Father, J█ P█**, appeared in person and through Attorney, **MITCHEL RYAN NELSON**, and announced ready.

    1.6.  Also appearing was **JULIANE (JULI) CROW**, appointed by the Court as Attorney Ad Litem for the child the subject of this suit.

Certified Document Number: 56648752 - Page 1 of 13

2. **Findings**

2.1. The Court, having examined the record and heard the evidence and argument of counsel, finds that this Court has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case.

2.2. The Court, having examined the record and heard the evidence and argument of counsel, finds that the State of Texas has jurisdiction of this case pursuant to Subchapter C, Chapter 152, Texas Family Code, by virtue of the fact that Texas is the home state of the child.

2.3. All persons entitled to citation were properly cited or filed a duly executed waiver of citation herein.

3. **Jury**

A jury was waived, and all questions of fact and of law were submitted to the Court.

4. **Record**

The record of testimony was duly reported by **KAREN HOBBS**.

5. **Master of the Court's Findings and Recommendations**

The Master of the Court made the following findings and recommendations:

6. **The Child**

The Court finds that the following child is the subject of this suit:

| | |
|---|---|
| Name: | E███ A███ P███ |
| Sex: | MALE |
| Birth Date: | ███████ |
| Social Security Number: | ███████ |
| Present Residence: | **RELATIVE'S HOME** |

7. **Establishment of Paternity: JOSHUA POWERS**

**IT IS ORDERED AND DECREED** that J███ P███ is, and he is hereby declared to be, the father of the child, E███ A███ P███, born to **CALLIE ANDERSON**, and that the parent-child relationship between said father and said child is established for all purposes.

8. **Termination of Respondent Father J███P███ Parental Rights**

8.1. The Court finds by clear and convincing evidence that termination of the parent-child relationship between J███P███ and the child, E███ A███ P███, is in the child's best interest.

8.2. Further, the Court finds by clear and convincing evidence that J███████ P██████ has:

        8.2.1. executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161, Texas Family Code;

*MRN*
*CM*

~~8.2.2. executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by Chapter 161, Texas Family Code;~~

8.3. **IT IS THEREFORE ORDERED AND DECREED** that the parent-child relationship between J██████ P██████ and the child, E█████ A████████ P███████, is finally and forever terminated.

## 9. Conservatorship of the Child

9.1. The Court finds that appointment of a parent or both parents as managing conservator would not be in the best interest of the child, E██████ A████████ P████████ because the appointment would significantly impair the child's physical health or emotional development.

9.2. **IT IS THEREFORE ORDERED AND DECREED** that **JUDY O'DELL** is appointed Joint Managing Conservator of the child, E██████ A████████ P███████, with the rights and duties specified in § 153.371, Texas Family Code; the Court finds this appointment to be in the best interest of the child.

9.3. **IT IS FURTHER ORDERED AND DECREED** that **JUDY O'DELL**, as a Joint Managing Conservator shall be designated as the primary managing conservator and shall have the sole right to establish the domicile of the child.

9.4. **IT IS THEREFORE ORDERED AND DECREED** that **RONALD O'DELL** is appointed Joint Managing Conservator of the child, E██████ A████████ P████████, with the rights and duties specified in § 153.371, Texas Family Code; the Court finds this appointment to be in the best interest of the child.

9.5. **IT IS FURTHER ORDERED AND DECREED** that the Joint Managing Conservators shall, each twelve months after the date of this order, file with the Court a report of facts concerning the child's welfare, including the child's whereabouts and physical condition, as required by § 153.375, Texas Family Code.

9.6. **IT IS FURTHER ORDERED AND DECREED** that the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is hereby **DISMISSED** as a party to this suit. Pursuant to § 161.205, Texas Family Code, the Court finds this order to be in the best interest of the child, E██████ A████████ P████████.

Certified Document Number: 56648752 - Page 3 of 13

10. **Parties Granted Possession or Access**

10.1. Respondent Mother, CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD, is appointed possessory conservator of the child, E███████ A███████ P███████. The Court finds that such appointment is in the best interest of the child, and that the limited possession and access provided by this order is required, and does not exceed the restrictions needed to protect the best interest of the child.

10.2. **IT IS ORDERED AND DECREED** that **CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD** shall have visitation of the child at times mutually agreed to in advance by the parties, as follows:

All visitations between E███████ A███████ P███████ and CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD shall be supervised by either Joint Managing Conservator or other competent adult as designated by a Joint Managing Conservator.

**SPECIFIC VISITION:**

1) CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD must furnish a copy of her weekly work schedule to set up visits with the child, E███████ A███████ P███████;

2) Visits may be cancelled at the discretion of **JUDY O'DELL** and/or **RONALD O'DELL** if **CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD** engages in harassing phone calls, phone calls involving unreasonable demands or excuses by **CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD;**

3) Visits will take place at the home of **JUDY O'DELL** and **RONALD O'DELL**, or a designated place as mutually agreed, but never at the residence of **CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD;**

4) **CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD** must do everything she can to help provide clothes, toys and enrollment of the child, E███████ A███████ P███████ in Medicaid or obtain other health insurance for the child; and

5) Before each visit, **CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD** must furnish a copy of her most recent drug test results from the National Screening Center, 407 Fannin, Houston, Texas, 77002, Phone No. 713-226-7847 to **JUDY O'DELL** and **RONALD O'DELL**. If **CALLIE ANDERSON AKA CALLYE ANDERSON AKA CALLIE LYNN SHEARD** fails to do this, **JUDY O'DELL** and **RONALD O'DELL** at their discretion may cancel the visit.

Certified Document Number: 56648752 - Page 4 of 13

10.3. The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

11. **Rights and Duties of the Joint Managing Conservator:**

**IT IS ORDERED AND DECREED** that the Joint Managing Conservator shall have the following rights and duties subject only to any rights granted herein to any Possessory Conservator as pursuant to Texas Family Code.

11.1. The Joint Managing Conservator designated as the primary Joint Managing Conservator shall have the sole right to exercise the following rights:

11.1.1. The right to receive and give receipt for payments for the support of the child and to hold or disburse funds for the benefit of the child;

11.1.2. The right to the services and earnings of the child;

11.1.3. The right to consent to marriage and to enlistment in the armed forces of the United States;

11.2. A Joint Managing Conservator shall each have the following rights:

11.2.1. The right to have physical possession and to direct the moral and religious training of the child;

11.2.2. The duty of care, control, protection, and reasonable discipline of the child;

11.2.3. The duty to provide the child with clothing, food, shelter, education, and medical, psychological, and dental care;

11.2.4. The right to consent for the child to medical, psychiatric, psychological, dental, and surgical treatment and to have access to the child's medical records;

11.2.5. The right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

11.2.6. Except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government;

11.2.7. The right to establish the primary residence of the child and to make decisions regarding the child's education; and

11.2.8. If the parent-child relationship has been terminated with respect to the parents, or only living parent, or if there is no living parent, the right to consent to the adoption of the child and to make any other decision concerning the child that a parent could make.

12. **Rights of Parent Possessory Conservator**

**IT IS ORDERED AND DECREED** that any parent named as a Possessory Conservator in this order shall have the following rights and duties:

12.1. The right to receive information from the Managing Conservator concerning the health, education, and welfare of the child;

12.2. The right of access to medical, dental, psychological, and educational records of the child;

12.3. The right to consult with a physician, dentist, or psychologist of the child;

12.4. The right to consult with school officials concerning the child's welfare and educational status, including school activities;

12.5. The right to attend school activities;

12.6. The right to be designated on the child's records as a person to be notified in case of an emergency;

12.7. During periods of possession, the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child;

12.8. The right to manage the estate of the child to the extent the estate has been created by the parent or the parent's family.

12.9. During periods of possession, the duty of care, control, protection and reasonable discipline of the child; and

12.10. During periods of possession, the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure.

13. **Interstate Compact**

The Court finds that the Petitioner has filed a verified allegation or statement regarding compliance with the Interstate Compact on the Placement of Children as required by § 162.002 of the Texas Family Code.

14. **Medical History Report: J████ P████**

    14.1. The Court finds that J████ P████ has signed an affidavit of voluntary relinquishment of parental rights under § 161.103, Texas Family Code regarding a biological child.

    14.2. **IT IS ORDERED** that J████ P████ shall provide information regarding the medical history of J████ P████ and his ancestors on the medical history report form, pursuant to § 161.1031, Texas Family Code.

15. **Duty to Provide Information**

    15.1. **IT IS ORDERED AND DECREED** pursuant to § 153.076(a), Texas Family Code that each conservator of a child has a duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child.

    15.2. **IT IS ORDERED AND DECREED** pursuant to § 153.076(b), Texas Family Code, that each conservator of the child has the duty to inform the other conservator if the conservator resides with for at least 30 days, marries, or intends to marry a person who the conservator knows:

        15.2.1. is registered as a sex offender under Chapter 62, Code of Criminal Procedure; or

        15.2.2. is currently charged with an offense for which on conviction the person would be required to register under that chapter.

    15.3. The notice required to be made under § 153.076(b), Texas Family Code, must be made as soon as practicable but not later than the 40th day after the date the conservator of the child begins to reside with the person or the 10th day after the date the marriage occurs, as appropriate. The notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged.

    15.4. **A CONSERVATOR COMMITS AN OFFENSE IF THE CONSERVATOR FAILS TO PROVIDE NOTICE IN THE MANNER REQUIRED BY SUBSECTIONS (b) AND (c) OF § 153.076, Texas Family Code. AN OFFENSE UNDER THIS SUBSECTION (d) IS A CLASS C MISDEMEANOR**

16. **Required Information and Notices Regarding the Parties and child**

    16.1. **EXCEPT FOR THOSE PERSONS SPECIFICALLY EXEMPTED FROM SUCH DISCLOSURE BELOW, EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS,**

HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

16.2. THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

16.3. NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $ 10,000.

16.4. FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

16.5. NOTICE SHALL BE GIVEN TO EACH OTHER PARTY BY DELIVERING A COPY OF SUCH NOTICE TO EACH PARTY BY REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED. NOTICE SHALL BE GIVEN TO THE COURT BY

Certified Document Number: 56648752 - Page 8 of 13

    ◦    DELIVERING A COPY OF THE NOTICE IN PERSON TO THE CLERK OF THE COURT OR BY REGISTERED OR CERTIFIED MAIL ADDRESSED TO THE CLERK AT 313th Judicial District Court of Harris County. NOTICE SHALL BE GIVEN TO THE STATE CASE REGISTRY BE MAILING A COPY OF THE NOTICE TO THE STATE CASE REGISTRY, CENTRAL FILE MAINTENANCE, P.O. BOX 12048, AUSTIN, TEXAS 78711-2048.

16.6.    The child's information is provided above; the information required of each party not exempted from such disclosure is:

16.6.1.

| | |
|---|---|
| Name: | CALLIE ANDERSON<br>AKA CALLYE ANDERSON<br>AKA CALLIE LYNN SHEARD |
| Social Security number: | ██████████ |
| Driver's License: | UNKNOWN |
| Current address: | 15255 GRAY RIDGE DR. # 618<br>HOUSTON, TX 77082 |
| Home telephone number: | UNKNOWN |
| Name of employer: | UNKNOWN |
| Address of employment: | UNKNOWN |
| Work telephone number: | UNKNOWN |

16.6.2.

| | |
|---|---|
| Name: | JUDY O'DELL |
| Social Security number: | ██████████ |
| Driver's License: | ██████ TEXAS |
| Current address: | 24223 EVERGREEN ROAD<br>PORTER, TX 77375 |
| Home telephone number: | 281-354-3224 |
| Name of employer: | UNKNOWN |
| Address of employment: | UNKNOWN |
| Work telephone number: | UNKNOWN |

16.6.3.

| | |
|---|---|
| Name: | RONALD O'DELL |
| Social Security number: | ██████████ |
| Driver's License: | ██████ TEXAS |
| Current address: | 24223 EVERGREEN ROAD<br>PORTER, TX 77375 |
| Home telephone number: | 281-354-3224 |
| Name of employer: | UNKNOWN |
| Address of employment: | UNKNOWN |
| Work telephone number: | UNKNOWN |

16.7.    **IT IS ORDERED** that each parent, who has not previously done so, provide information regarding the medical history of the parent and parent's ancestors on the medical history form, pursuant to § 161.2021, Texas Family Code.

Certified Document Number: 56648752 - Page 9 of 13

17. **Warnings to Parties**

Failure to obey a court order for child support or for possession of or access to a child may result in further litigation to enforce the order, including contempt of court. A finding of contempt may be punished by confinement in jail for up to six months, a fine of up to $500 for each violation, and a money judgment for payment of attorney's fees and court costs.

Failure of a party to make a child support payment to the place and in the manner required by a court order may result in the party's not receiving credit for making the payment.

Failure of a party to pay child support does not justify denying that party court-ordered possession of or access to a child. Refusal by a party to allow possession of or access to a child does not justify failure to pay court-ordered child support to that party.

18. **Expiration of Ad Litems and Other Appointments**

**IT IS ORDERED AND DECREED** that each Attorney Ad Litem and Attorney/Guardian Ad Litem and any other appointments not specifically retained above in this decree that have been made by this Court in this case do not conclude with the signing of this final judgment. These appointments continue until this case is final. This case is not final until this Court's plenary jurisdiction from this final judgment expires, and all appeals, if any, have concluded. In other words, even though this judgment is final, the attorneys appointed in this case have a continuing legal and ethical obligation to represent their client's interests in this case to final disposition, which could include the provision of legal services in connection with post-judgment motions or an appeal. Notwithstanding the legal representation provided after this final judgment is signed, the attorneys appointed in this case are not appointed to provide legal representation for Placement Review Hearings held pursuant to Chapter 263 of the Family Code, and shall not do so pursuant to their appointments by this Court.

19. **Discharge from Discovery Retention Requirement**

**IT IS ORDERED AND DECREED** that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

20. **Denial of Other Relief**

**IT IS ORDERED AND DECREED** that all relief requested in this case and not expressly granted is denied.

Certified Document Number: 56648752 - Page 10 of 13

21. WARNING: APPEAL OF FINAL ORDER, PURSUANT TO §§ 263.405, TEXAS FAMILY CODE

21.1. PURSUANT TO §§ 109.002 AND 263.405, TEXAS FAMILY CODE, APPEALS OF FINAL ORDERS INVOLVING THE DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES ARE ACCELERATED APPEALS. A NOTICE OF APPEAL MUST BE FILED NO LATER THAN THE 20TH DAY AFTER THE DATE A FINAL ORDER IS SIGNED BY THE TRIAL JUDGE.

21.2. A STATEMENT OF POINTS ON WHICH A PARTY WISHES TO APPEAL MUST BE FILED NO LATER THAN THE 15TH DAY AFTER THE DATE A FINAL ORDER IS SIGNED BY THE TRIAL JUDGE. THE STATEMENT MAY BE COMBINED WITH A MOTION FOR A NEW TRIAL, PURSUANT TO § 263.405 (B), TEXAS FAMILY CODE.

21.3. AN APPELLATE COURT MAY NOT CONSIDER ANY ISSUE THAT WAS NOT SPECIFICALLY PRESENTED TO THE TRIAL COURT IN A TIMELY FILED STATEMENT OF THE POINTS ON WHICH THE PARTY INTENDS TO APPEAL OR IN A STATEMENT COMBINED WITH A MOTION FOR NEW TRIAL. THE STATEMENT OF POINTS ON WHICH A PARTY WISHES TO APPEAL MUST BE SPECIFIC AND A CLAIM THAT A JUDICIAL DECISION IS CONTRARY TO THE EVIDENCE OR THAT THE EVIDENCE IS FACTUALLY OR LEGALLY INSUFFICIENT IS NOT SUFFICIENTLY SPECIFIC TO PRESERVE AN ISSUE FOR APPEAL.

22. NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS:

YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR

Certified Document Number: 56648752 - Page 11 of 13

**ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS 10,000.**

SIGNED this _____ day of ___JUN 1 8 2013___, 2013.

_____
STEPHEN E. NEWHOUSE
MASTER OF THE COURT

SIGNED this _____ day of ___JUN 1 8 2013___, 2013.

_____
GLENN H. DEVLIN
JUDGE PRESIDING

**APPROVED AS TO FORM:**

_____
David S. Masquelette
Attorney for Petitioner,
Department of Family and Protective Services
2525 Murworth Drive, Suite 300
Houston, TX 77054-1603
State Bar # 13162700
*phone:* 713-578-3900
*fax:* 713-578-3995

_____
Juliane (Juli) Crow
Attorney Ad Litem for the Child
P.O. Box 10152
Houston, TX 77206
State Bar # 24000653
*phone:* (281)382-1395
*fax:* 713-422-2389

Certified Document Number: 56648752 - Page 12 of 13

**Susan Ryan Solis**
Attorney for the Mother, Callie Anderson
AKA Callye Anderson
aka Callie Lynn Sheard
2800 E. Broadway, Ste. C-518
Pearland, TX 77581
State Bar # 24037413
*phone:* 832-661-7946
*fax:* 281-317-9908


Judy O'Dell
Primary Joint Managing Conservator
24223 Evergreen Road
Porter, TX 77375


Ronald O'Dell
Joint Managing Conservator
24223 Evergreen Road
Porter, TX 77375

**Mitchel Ryan Nelson**
Attorney for the Father, J██████ P██████
111 W. 15th St.
Houston, TX 77008-4220
State Bar # 24056032
*phone:* 713-869-0036
*fax:* 713-869-9912

Certified Document Number: 56648752 - Page 13 of 13



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 24, 2015

Certified Document Number:        56648752 Total Pages:  13

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

Appendix S – 11-13-15 E-Mail from Natalie Yates

## Lauren Allen

**From:** Yates, Natalie (DCA) [Natalie_Yates@Justex.net]
**Sent:** Friday, November 13, 2015 9:14 AM
**To:** Lauren Allen
**Cc:** Indianapolland@msn.com; Riley, Stacey (DCO)
**Subject:** 201201222J    P, E

Hi Lauren,

     Just wanted to let you know the Judge has set the following motion on docket for Tuesday 11/17/15 at 1:15 p.m.

_ 1315 201201222J  P⬛⬛⬛, E⬛⬛⬛⬛      MO POLLAND, GARY M.

RESPONDENTS MOTION FOR REAPPOINTMENT OF ATTORNEY AD LITEM FOR CHILD

I see you have a motion to transfer filed, would you like me to set it as well on 11/17/15?

Thanks,
Natalie

1